IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| EDDIE TARDY individually and as Administrator of the Estate of LAEDDIE COLEMAN, § § § § | | |
| *Plaintiff*, § § | | |
| v. § § | Case No. 3:22-cv-00681 | |
| CORECIVIC OF TENNESSEE, LLC, as owner and operator of HARDEMAN COUNTY CORRECTIONAL FACILITY, VINCENT VANTELL, CHANCE LEEDS, CARLISLA BYARS, KEITH HUGGINS, and HARDEMAN COUNTY, TENNESSEE, § § § § § § § § | JURY DEMANDED | |
| *Defendants*. § | | |

**PLAINTIFF'S MOTION FOR CONTEMPT**

Comes now the Plaintiff, through counsel, and pursuant to Fed. R. Civ. P. 45(g), respectfully moves this Court to hold the Tennessee Department of Correction, through its Senior Associate Counsel, Jennifer L. Brenner, in contempt pending compliance with the Plaintiff's subpoena for documents. As grounds, the Plaintiff respectfully states as follows:

1. On November 3, 2022, the Court entered its Initial Case Management Order. *See* Doc. 33. The Court's order expressly provides that: "Plaintiff may subpoena relevant third-party discovery from the Tennessee Department of Corrections." *See id.* at 4.

2. On November 3, 2022, the Plaintiff issued a subpoena to produce

documents that was directed to the Tennessee Department of Correction, care of Jennifer L. Brenner, TDOC Senior Associate Counsel, with a designated service date of November 7, 2022. A copy of the subpoena at issue is attached as **Ex. 1**.

3. In compliance with Local Rule 45.01(d), a copy of the subpoena was transmitted to opposing counsel on November 3, 2022, before it was served upon the subpoenaed party. *See* **Ex. 2**. No Defendant objected to it at the time.

4. On November 7, 2022, the Plaintiff served the subpoena on the TDOC, care of Senior Associate Counsel Jennifer L. Brenner. *See* **Ex. 3**. Ms. Brenner responded: "Received. We'll get started right away." *Id.* at 1.

5. No objection was ever furnished by the TDOC in response to the Plaintiff's subpoena under Fed. R. Civ. P. 45(d)(2)(B).

6. On December 7, 2022, the TDOC furnished the responsive liquidated damages reports attached hereto as **Ex. 4**. The TDOC did <u>not</u>, however, furnish the investigative report and video footage contemplated by the Plaintiff's subpoena, stating: "The investigative report and video are protected by Tenn. Code Ann. § 10-7-504 and can only be disclosed with the protection of a court order." *See* **Ex. 5**.

7. This is an inaccurate characterization of Tenn. Code Ann. § 10-7-504(a)(8)—a public records statute—which provides that: "[t]he court or administrative judge having jurisdiction over the proceedings shall issue appropriate protective orders, **when necessary**, to ensure that the information is disclosed only to appropriate persons. **The information contained in such records and reports shall be disclosed to the public** only **in compliance with a subpoena** or an order of a court of record." *Id.* (emphases added).

8. Further, regardless of any other matter, a Tennessee public records statute

does not authorize the TDOC to refuse compliance with a federal subpoena.

9. Multiple subsequent demands that the TDOC comply in full with the Plaintiff's subpoena have gone unmet. *See* **Ex. 6**.

10. The TDOC never having lodged an objection to the Plaintiff's subpoena under Fed. R. Civ. P. 45(d)(2)(B), the Plaintiff is not in a position to move to compel compliance with the subpoena under Fed. R. Civ. P. 45(d)(2)(B)(i).

11. Instead, the Plaintiff's only mechanism to secure the TDOC's compliance with the subpoena is to ask this Court to hold the TDOC in contempt pursuant to Fed. R. Civ. P. 45(g). *See id.* ("The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").

12. The TDOC has been served with the Plaintiff's subpoena.

13. The TDOC has failed, without adequate excuse, to obey the Plaintiff's subpoena.

14. The TDOC is knowingly and willfully refusing to comply with the clear, specific, and unambiguous terms of the Plaintiff's subpoena.

15. Accordingly, the Plaintiff respectfully moves this Court to hold the TDOC in civil contempt pending compliance with the Plaintiff's subpoena served on November 7, 2022.

Respectfully submitted,

/s/ Daniel A. Horwitz
Daniel A. Horwitz, BPR #032176
Lindsay Smith, BPR #035937
Melissa Dix, BPR #038535
HORWITZ LAW, PLLC
4016 Westlawn Dr.
Nashville, TN 37209
daniel@horwitz.law
lindsay@horwitz.law
melissa@horwitz.law
(615) 739-2888

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 14th day of December, 2022, a copy of the foregoing and all exhibits and attachments were sent via CM/ECF, or via email, to:

Nathan D. Tilly (#031318)
Addie W. Lunsford (#035389)
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
(731) 668-5995 – Telephone
(731) 668-7163 – Facsimile
ntilly@pgmfirm.com
alunsford@pgmfirm.com

*Attorneys for Defendants CoreCivic of Tennessee, LLC, Vincent Vantell, Chance Leeds, Carlisla Byars, and Keith Huggins*

Brian Walthart (#024777)
Post Office Box 198349
201 4th Ave N., Suite 1400
Nashville, TN 37219
(615) 449-7177 – Telephone
(615) 523-1496 – Facsimile
Brian.walthart@mgclaw.com

*Attorney for Defendant Hardeman County, Tennessee*

Jennifer L. Brenner
Senior Associate Counsel
Tenn. Dept. of Correction
Rachel Jackson Building, 6th Floor
320 6th Avenue North
Nashville, Tennessee 37243
Office: (615)741-9584
Cell: (629)395-9938
Email: Jen.Brenner@tn.gov

*Attorney for the Tennessee Department of Correction*