IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| G. MARIE NEWBY, Individually, and as Administratrix of THE ESTATE OF TERRY CHILDRESS<br>    Plaintiffs,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC, as owner and operator of TROUSDALE TURNER CORRECTIONAL CENTER, DAMON HININGER, STEVE CONRY, RAYMOND BYRD, and SHAWNA CURTIS,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 3:22-cv-00093<br>)  Chief Judge Crenshaw/Frensley<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Pending before the Court is Defendants' Motion for Compliance with Local Rule 83.04 and to Strike. Docket No. 45. Defendants contemporaneously filed a Memorandum of Law in support of the Motion. Docket No. 46. Plaintiffs filed a Response in Opposition to the Motion. Docket No. 48. Defendants filed a Reply. Docket No. 50. Also before the Court is Plaintiffs' Motion for Special Order Pursuant to Local Rule 83.04 and Memorandum in Support. Docket No. 41. Defendants filed a Response in Opposition to Plaintiffs' Motion. Docket No. 44. For the reasons stated below, Defendants' Motion (Docket No. 45) is **GRANTED**. Accordingly, Plaintiffs' Motion for Special Order Pursuant to Local Rule 83.04(b) (Docket No. 41) is **DENIED**.

**INTRODUCTION**

Plaintiffs brought this case following the death of Terry Childress in CoreCivic's Trousdale Turner Correctional Center, where he was killed by his cellmate. Docket No. 1, p. 8-9. Defendants brought their Motion for Compliance with Local Rule 83.04 and to Strike in response to the Twitter activity of Plaintiffs' Attorney Daniel Horwitz ("Mr. Horwitz") and several Notices of Filing

(Docket Nos. 33, 37, and 38) that Plaintiffs entered with the Court. Docket No. 46, pp. 2, 17-18. Defendants assert that Mr. Horwitz has acted in violation of Local Rule 83.04, which prohibits lawyers from disseminating public communications about matters relevant to pending litigation that could prejudice trial. *Id.* at 15-17; *see* LR 83.04.

Defendants request that the Court order Mr. Horwitz to cease all public communications about the case at bar and to delete his previous tweets about Defendant CoreCivic and other issues relevant to this litigation. Docket No. 46, p. 1. Defendants emphasize their concern that potential jurors will be influenced by Mr. Horwitz's tweets, and further assert that "[c]ontinued public statements by Mr. Horwitz over the months before the December 2023 trial of this matter undoubtedly will deprive Defendants of a fair trial." *Id.* at 2. Defendants also assert that the documents entered by Plaintiffs in the Notices of Filing comprising Docket Entries 33, 37, and 38 were "improperly placed in the public record." *Id.* at 17. Defendants request that the Court:

1. Order that counsel for Plaintiff G. Marie Newby ("Newby") cannot disseminate any public communication that would interfere with a fair trial, including communications regarding this lawsuit or matters at issue in the lawsuit;

2. Instruct counsel for Newby that they must remove all public communications within their control, including social media posts, that would interfere with a fair trial, including commentary regarding this lawsuit or matters at issue in this lawsuit;

3. Order that counsel for Newby comply with Local Rule 83.04;

4. Strike all Notices of Filing that Newby has submitted in this matter that were filed without any particular purpose, which would include Docket Entries 33, 37, and 38.

Docket No. 46, pp. 1-2.

Alternatively, in their Motion for Special Order Pursuant to Local Rule 83.04(b), Plaintiffs request "an order affirming their and their counsel's First Amendment rights to speak about – and to petition the government for redress regarding – CoreCivic's pervasive non-compliance with

2

constitutional requirements and safety standards at its Tennessee prison facilities." Docket No. 41, p. 1. Plaintiffs also offer that, "in an effort to address CoreCivic's professed concerns about trial publicity, this Court should permit whatever extended voir dire the Defendants deem necessary to ensure an impartial jury if and when this case reaches trial." *Id.* at 22. Plaintiffs further assert, in response to Defendants' motion, that Defendants' requested application of Local Rule 83.04 "would be facially unconstitutional" as a violation of Mr. Horwitz's First Amendment right to free speech. Docket No. 48, p. 1.

## LAW & ANALYSIS

**A. Compliance with Local Rule 83.04**

Local Rule 83.04 provides, in relevant part:

> (a) By Attorneys Concerning Civil Proceedings
>
> (1) Limitation on Extrajudicial Statements. A lawyer who is participating in or has participated in the investigation or litigation of a matter, either directly or indirectly, must not make any extrajudicial statement (other than a quotation from or reference to public records) that the lawyer knows or reasonably should know will be disseminated by public communication and will have substantial likelihood of materially prejudicing an adjudicative proceeding in the matter, including especially that will interfere with a fair trial.
>
> (2) Comments More Likely Than Not to Have Material Prejudicial Effect. Comment relating to the following matters is more likely than not to have a material prejudicial effect on a proceeding, and the burden is upon the person commenting upon such matters to show that the comment did not pose such a threat:
>
> (A) Evidence regarding the occurrence or transaction involved;
>
> (B) The character, credibility, or criminal record of a party, witness, or prospective witness; or
>
> (C) The performance or results of any examinations or tests or the refusal or failure of a party to submit to an examination or test.

> (D) Information that the lawyer knows or reasonably should know is likely to be inadmissible as evidence at trial or that would, if disclosed, create a substantial risk of prejudicing an impartial trial.

L.R. 83.04.

The Court finds that Mr. Horwitz's comments fit squarely within the prohibition on extrajudicial statements set forth in LR 83.04. Mr. Horwitz's tweets about CoreCivic and documents produced in discovery include assertions regarding Defendants in general and specific to this litigation. For instance, Mr. Horwitz tweeted "[w]e learn that @CoreCivic's noncompliance is persistent and recurring and is not even close to being limited to staffing issues," and "mostly we learn that massively deficient and constitutionally non-compliant staffing is just business as fucking usual at @TrousdaleTurner" on May 25th, 2022, after submitting another Notice of Filing (Docket No. 37) with the Court. On the whole, Mr. Horwitz's tweets about CoreCivic provide to the public a significant number of discovery documents, along with opinionated statements from Mr. Horwitz about the significance of each document and about CoreCivic more generally.

Mr. Horwitz certainly knows or should know that his tweets will be disseminated by public communications, given that he has a self-acknowledged reputation for "public advocacy" and "successful media strategies during litigation against misbehaving governmental litigants." Docket No. 41, p.19. In a tweet with screenshots from a TDOC deposition[1], Mr. Horwitz encouraged, "[i]f you're a journalist who is interested in shit like this, I can assure you there are an almost uncountable number of mind-blowing documents out there just waiting to be unearthed or pried loose with pretty minimal effort." Docket No. 26, p. 7-8.

---

[1] The deposition is from *Boaz Pleasant-Bey v. State of Tennessee, et al.*, Civil Case Number 3:19-cv-486, and was produced to Plaintiffs by Tricia Herzfeld in response to a subpoena. The deposition was entered with the Court in a Notice of Filing (Docket No. 33) on May 4th, 2022. Mr. Horwitz's tweets about this deposition, along with other documents filed in Docket No. 33, were posted the same day. Docket No. 46, pp. 6-8.

Many of the materials Mr. Horwitz shared are clearly "evidence regarding the occurrence or transaction involved," and the rest fall into the category of "information that the lawyers knows or reasonably should know is likely to be inadmissible as evidence at trial or that would, if disclosed, create a substantial risk of prejudicing an impartial trial." LR 83.04 (a)(2)(A), (D).

Trials are meant to occur in the courtroom, not in the media. While litigation is still pending attorneys should not actively seek out media attention that could disrupt judicial proceedings or interfere with an opposing party's right to a fair trial. It appears Mr. Horwitz is actively seeking media attention for his client's case, and while he asserts that he has "affirmative obligations to pursue strategies that promote the best interests of his clients," he must fulfill said obligations within the boundaries set by the Local Rules of this Court. Docket No. 41, p. 18.

Mr. Horwitz also mentions that his public statements about CoreCivic are partly motivated by the fact that several of his other clients are currently housed in CoreCivic facilities in Tennessee, "and he is concerned for their safety every single day." Docket No. 41, p. 7. Mr. Horwitz contends that seeking publicity of materials in this case encourages "whistleblowing" along with "public scrutiny of and change regarding CoreCivic's misbehavior at prison facilities." *Id.* at 5-7. Mr. Horwitz asserts it is therefore in his clients' best interest, as well as in the public interest, to bring attention to discovery produced about CoreCivic in this case. *Id.* The Court appreciates Mr. Horwitz's concerns, but his duties to his other clients do not supersede his duty to act in accordance with this Court's rules.

Local Rule 83.04(b) does create an exception for public communications in certain cases, and provides:

> (b) Provision for Special Orders in Widely Publicized and Sensational Cases. In widely publicized cases the Court, on motion of either party or on its own motion, may issue a special order governing such matters as extrajudicial statements by parties and

5

> witnesses likely to interfere with the rights of a party to a fair trial by an impartial jury, the seating and conduct in the courtroom of spectators and news media representatives, the management and sequestration of jurors and witnesses, and any other matters that the Court may deem appropriate for inclusion in such an order.

L.R. 83.04(b).

None of Mr. Horwitz's assertions about the importance of his ability to speak publicly about CoreCivic create an exception to Local Rule 83.04, nor do they fit the requirements of the prescribed exception set out in subsection (b). The Court does not find that the present case is currently "widely publicized and sensational," despite Mr. Horwitz's efforts to make it so. The Court interprets this exception to apply to cases where the parties and attorneys have to respond to high levels of uninvited media pressure and influence, rather than being designed to allow attorneys to encourage media attention and public outcry prior to trial. A special order pursuant to L.R. 83.04(b), as requested by Plaintiff's Motion (Docket No. 41) is therefore not appropriate in this case.

Furthermore, enforcement of L.R. 83.04 does not infringe on First Amendment rights as Plaintiffs suggest. Docket No. 48, p. 1. The Supreme Court has held that a local rule which prohibits "speech that is substantially likely to materially prejudice ongoing criminal proceedings" does not violate the First Amendment. *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1063 (1991). More generally, "[b]ecause an attorney, by the very nature of his job, voluntarily agrees to relinquish his rights to free expression in the judicial proceeding, we see no basis for concluding that his free speech rights are violated by a restriction on that expression." *Mezibov v. Allen*, 411 F.3d 712, 719 (6th Cir. 2005). "[L]awyers are officers of the Court and, as such, may legitimately be subject to ethical precepts that keep them from engaging in what otherwise might be constitutionally protected speech."

Although the case at bar is a civil, rather than criminal, proceeding, the Court finds that the

6

LR 83.04 prohibition of speech that has a "substantial likelihood of materially prejudicing an adjudicative proceeding" easily parallels the kind of rule the Supreme Court permitted in *Gentile*. *See* 501 U.S. at 1063. This restriction serves the approved purpose of preventing "two principal evils: (1) comments that are likely to influence the actual outcome of the trial, and (2) comments that are likely to prejudice the jury venire, even if an untainted panel can ultimately be found." *Id.* at 1075. Thus, despite Mr. Horwitz's assertions that the present case is unlikely to go to trial, and that voir dire can ensure a neutral jury in the event of a trial, he is still bound by the restrictions on prejudicial speech imposed by LR 83.04. *See id.*; Docket No. 41, pp. 21-22.

The Court finds that Mr. Horwitz's comments have a substantial likelihood of materially prejudicing an adjudicative proceeding in this matter, especially interfering with a fair trial. Therefore, Mr. Horwitz is ordered to refrain from extrajudicial statements regarding this matter and to delete those over which he has control, except for those expressly permitted by LR 83.04(a)(1) ("a quotation from or reference to public records"). The Court further warns Mr. Horwitz that his responsibility in this litigation is to be an advocate, not an investigative journalist, and that continuing to seek out media attention for this case would place him at risk of being held in contempt of this Court.

### B. Striking from the Record

While the documents Mr. Horwitz shared on social media are in the public record, Defendants contend "that is only because Mr. Horwitz placed them there himself when he filed thousands of pages of documents in this lawsuit through Notices of Filing." Docket No. 46, p. 17. Defendants argue that the Court should strike Docket Entries 33, 37, and 38 from the record because they were "improperly placed in the public record."

Motions to Strike are governed by Rule 12, which states:

> The court may strike *from a pleading* an insufficient defense or
> any redundant, immaterial, impertinent, or scandalous matter. The
> court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the
> pleading or, if a response is not allowed, within 21 days after being
> served with the pleading.

Fed. R. Civ. P. 12(f) (emphasis added).

The Sixth Circuit has found that pursuant to Rule 12, motions to strike are applicable only to pleadings. *See Fox v. Michigan State Police Dept.*, 173 F. App'x 372, 375 (6th Cir. 2006). The Court has stated as follows:

> Under Fed. R. Civ. P. 12(f), a court may strike only material that is
> contained in the pleadings. Fed. R. Civ. P. 7(a) defines pleadings as
> "a complaint and an answer; a reply to a counterclaim denominated
> as such; an answer to a cross-claim, if the answer contains a cross-
> claim; a third-party complaint, if a person who was not an original
> party is summoned under the provisions of Rule 14; and a third-
> party answer, if a third-party complaint is served."

*Id.*; *see also Watson Carpet & Floor Covering, Inc. v. Mohawk Indus.*, No. 3:09-0487, 2013 U.S. Dist. LEXIS 39831, at *1-2 (M.D. Tenn. Mar. 22, 2013).

Docket Entries 33, 37, and 38 are not pleadings. Defendants provide no authority under which the Court could strike material from these Docket Entries; therefore, the Court must deny this request. However, Plaintiffs' counsel is not permitted to make any further public references to these materials. LR 83.04 ordinarily permits an extrajudicial statement if it is "a quotation from or reference to public records." LR 83.04(a)(1). This exception will no longer apply to any of the materials produced in Docket Entries 33, 37, and 38, as the Court agrees that these materials were improperly placed in the public record.

Plaintiffs claim these documents were filed "to inform the Court of them, to enable current

8

Case 3:22-cv-00093 Document 85-1 Filed 07/13/23 Page 8 of 9 PageID #: 3029
Case 3:22-cv-00093 Document 85 Filed 07/12/23 Page 8 of 9 PageID #: 3020

and future citation to them, and to enable judicial notice of them for Rule 12, Rule 56, and other purposes." Docket No. 48, p. 25. Although the documents submitted in the Notices of Filing may be relevant to the case at bar, it is not helpful to either party or to the Court to have thousands of pages of information filed with the Court without descriptions of the documents or their relevance to the case. The Court strongly cautions Plaintiffs' counsel against further Notices of Filing of a similar nature, and also warns that continued manipulation of the scope of the public record in effort to exploit the exception created in LR 83.04(a)(1) could result in sanctions.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Compliance with Local Rule 83.04 and to Strike (Docket No. 45) is **GRANTED in part and DENIED in part**. Plaintiffs' Motion for Special Order Pursuant to Local Rule 83.04(b) (Docket No. 41) is accordingly **DENIED**. The Court expects that all attorneys will comply with Local Rule 83.04 moving forward, and further orders the following:

1. Plaintiffs' counsel may not disseminate any public communication that would interfere with a fair trial, including commentary regarding this lawsuit or matters at issue in the lawsuit;

2. Plaintiffs' counsel must remove all public communications within their control, including social media posts, that would interfere with a fair trial, including commentary regarding this lawsuit or matters at issue in this lawsuit;

3. Plaintiffs' counsel may not make extrajudicial statements of any kind about documents filed in Docket Entries 33, 37, and 38. Plaintiff's counsel is strongly advised against submitting similar Notices of Filing with the Court or otherwise manipulating the scope of the public record in this case.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**