IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDDIE TARDY, individually and as Administrator of the Estate of Laeddie Coleman, )<br>)<br>)<br>) | |
| ) | NO. 3:22-cv-00681 |
| Plaintiff, ) | |
| ) | JUDGE CAMPBELL |
| v. ) | MAGISTRATE JUDGE NEWBERN |
| ) | |
| CORECIVIC OF TENNESSEE, LLC, et al., )<br>)<br>) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Transfer Venue filed by Corecivic of Tennessee, LLC ("CoreCivic"), Vincent Vantell, Chance Leeds, Carlisa Byers, Keith Huggins, and Hardeman County, Tennessee (collectively "Defendants"). (Doc. No. 19). Plaintiff filed a Response (Doc. No. 24), and Defendants filed a Reply (Doc. No. 31). For the reasons states herein, the Motion is **GRANTED**.

### I. FACTUAL BACKGROUND

On September 7, 2021, Laeddie Coleman, an inmate at Hardeman County Correctional Facility ("HCCF"), was beaten and stabbed to death by other inmates in his unit. This case is brought by Coleman's father and administrator of his estate, Eddie Tardy. Tardy alleges that the negligence of officers at HCCF and, more broadly, the staffing decisions of HCCF made at the facility and at the corporate level directly led to Coleman's death. As a result, he brings the following claims: (1) a claim under 42 U.S.C § 1983 for failure to protect against four HCCF officers ; (2) a claim of *Monell* liability against CoreCivic; (3) a negligence claim against the HCCF

officers and CoreCivic; (4) a negligence claim against Hardeman County, Tennessee; and (5) a loss of consortium against all Defendants. Defendants now move to transfer venue of this action to the Western District of Tennessee.

## II. LAW AND ANALYSIS

In considering a motion to transfer venue, the Court begins with 28 U.S.C. § 1404, which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…" District courts have broad discretion to determine whether transfer is appropriate. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). Accordingly, the issue before the Court is whether, weighing certain factors, the Court should exercise its discretion and transfer this action to the Western District of Tennessee. To resolve a motion to transfer venue, a court considers:

> the plaintiff's choice of forum, the convenience of the witnesses and the residence of the parties, the location of sources of proof, including the availability of compulsory process to insure witness attendance, the location of the events giving rise to the dispute, any obstacles to a fair trial, the advantage of having the dispute adjudicated by a local court, and all other considerations of a practical nature that make a trial easy, expeditious, and economical.

*LP Envtl., LLC v. Delfasco, LLC*, 2015 WL 13145788, at *2 (M.D. Tenn. Feb. 25, 2015); *Nollner v. S. Baptist Convention, Inc.*, 2014 WL 3749522, at *7 (M.D. Tenn. July 30, 2014).

The moving party bears the burden of demonstrating that these factors weigh strongly in favor of transfer. *Reese*, 574 F.3d at 320. This burden is not satisfied if transfer merely shifts the inconvenience from one party to another. *Nollner*, 2014 WL 3749522 at *7. Instead, the moving party must prove that convenience and the interests of justice are served by transfer. *Id*. "If the court determines that the balance between the plaintiff's choice of forum and defendant's desired

2

Case 3:22-cv-00681 Document 100 Filed 09/26/23 Page 2 of 6 PageID #: 2972

forum is even, the plaintiff's choice of forum should prevail." *Delfasco*, 2015 WL 13145788 at *2 (quoting *B.E. Tech, LLC v. Facebook, Inc.*, 957 F. Supp. 2d 926, 931 (W.D. Tenn. 2013)) (internal quotations and citations omitted).

First, the Court must determine whether this action could have been brought in the Western District of Tennessee. 28 U.S.C. § 1404. Defendants argue that venue is proper there because the events giving rise to Plaintiff's claims occurred there. Plaintiff does not rebut this argument. The Court finds that the case could have properly been brought in the Western District of Tennessee. Accordingly, the Court turns next to a review of the factors.

*Plaintiff's Choice of Forum*. Typically, a "plaintiff's choice of forum is [] entitled to 'substantial consideration' in balancing the § 1404(a) factors." *Van Cleave v. Univ. of S.*, 607 F. Supp. 3d 783, 789 (M.D. Tenn. 2022) (quoting *Sacklow v. Saks, Inc.*, 377 F. Supp. 3d 870, 877 (M.D. Tenn. 2019)). "The deference normally accorded an American plaintiff's forum choice is based on the premise that holds in some, but not all, cases that the decision to bring suit in one's home forum is a matter of convenience." *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 493 (6th Cir. 2016). However, the "degree of deference owed a plaintiff's forum choice will inevitably vary with circumstances…" *Id*.

Defendants do not argue against this factor specifically, but rather question the rationale of Plaintiff's choice through consideration of the subsequent factors. Plaintiff contends that his choice of forum should remain undisturbed for myriad reasons both relevant and irrelevant to the transfer analysis.[1] The Court weighs the remaining factors separately herein but finds that this factor standing alone weighs against transfer.

---

[1] That Plaintiff's counsel is not admitted to practice in the Western District of Tennessee, for example, is irrelevant to the Court's determination of this motion.

3

*The Convenience of Witnesses and the Residence of the Parties*. "The convenience of witnesses, especially non-party witnesses, is perhaps the most important factor in the transfer analysis." *Van Cleave v. Univ. of S.*, 607 F. Supp. 3d 783, 789 (M.D. Tenn. 2022) (quoting *Sacklow v. Saks Inc.*, 377 F. Supp. 3d 870, 878 (M.D. Tenn. 2019)). On this point, Defendants argue that all of the witnesses to the attack on Mr. Coleman are located in the Western District. All individual defendants likewise reside in the Western District. Plaintiff responds that the Middle District is the more convenient location for him as a witness to his own damages and with regard to the CoreCivic corporate witnesses. As for the inmate witnesses, Plaintiff asserts that CoreCivic could simply transfer the necessary witnesses. The crux of Plaintiff's argument is that because Defendant is a corporate entity, they should willingly bear the cost of litigation associated with securing the presence of party and non-party witnesses in Plaintiff's desired forum. That argument is not persuasive or supported by authority. The Middle District houses two party witnesses: CoreCivic and Plaintiff. All remaining party and non-party witnesses are in the Western District. The Court finds that this factor favors transfer.

*The Location of Sources of Proof*. The parties dispute whether this factor favors or disfavors transfer, but the location of sources of proof is, at best, neutral here. Modern technology makes access to prison records and related documentation relatively easier. The parties have not identified any particular sources of proof, witnesses aside, that would alter this finding. Accordingly, this factor does not weigh in favor of or against transfer.

*The Location of Events Giving Rise to the Dispute*. The locus of operative fact in this case is primarily in the Western District of Tennessee. Notwithstanding Plaintiff's argument that certain policy decisions are made in this District, that allegation is only part of Plaintiff's complaint. The majority of the allegations and claims are tied explicitly to conduct occurring at HCCF. Mr.

Coleman was attacked at HCCF by inmates at HCCF, and Plaintiff alleges that the staffing decisions that allowed the attack that day were made by HCCF staff defendants in addition to the corporate defendants. Indeed, Plaintiff's claims and chosen defendants demonstrate that the decisions at issue are not solely those made at the corporate headquarters but also those made by officers and individuals present at HCCF on a day-to-day basis. On balance, this factor weighs in favor of transfer.

*The Interests of Justice and Other Considerations*. The parties' interest of justice arguments large echo arguments made in support of the other factors. Plaintiff argues that deference should be given to Plaintiff's choice of forum and that travel to the Western District would be unduly burdensome. However, much of Plaintiff's argument again suggests that the corporate defendant should be able and amenable to bearing the cost of litigation against it. Plaintiff does not support this insinuation with any authority, and the Court cannot find from these arguments that the interests of justice require a finding that all burdens of litigation should fall exclusively on a defendant merely because they are more financially able to bear them.

The Court has already found that the locus of operative facts in this case is in the Western District and that most of the party and non-party witnesses reside there. The Court is additionally cognizant of the "the local interest in having localized controversies decided at home." *Hefferan* 828 F.3d at 500. There is something of a split interest here where the complaint alleges conduct in both the Western and Middle Districts, but because the location of operative facts and witnesses primarily favors the Western District, the Court reaches the same conclusion here. *See id* (directing courts to consider the location of facts and witnesses in determining which district has the greater local interest). Having considered the foregoing, the Court finds the interests of justice slightly favor transfer.

5

Case 3:22-cv-00681   Document 100   Filed 09/26/23   Page 5 of 6 PageID #: 2975

Upon review of the factors, the cumulative balance weighs in favor of transfer of this action to the Western District of Tennessee. The Court notes, however, earlier this year, Chief Judge Crenshaw considered a motion to transfer venue in a similar but distinguishable case, *Taylor v. Corecivic of Tennessee, LLC*, 2023 WL 2390673 (M.D. Tenn. Mar. 6, 2023). In *Taylor*, the plaintiffs, like Plaintiff in this case, brought suit against CoreCivic alleging, in part, that governing decisions made by CoreCivic were directly responsible for the death of their son while detained at a CoreCivic facility. In that case, the plaintiffs alleged a failure to provide adequate medical care resulting in their son's death. As such, those claims were more directly tied to the immediate actions of CoreCivic and its employees. In this case, those who allegedly killed Mr. Coleman were fellow inmates. In *Taylor*, the plaintiffs allege that their son's death was the result of medical care, or lack thereof, provided by CoreCivic-employed medical professionals at their son's facility. The conduct of the alleged bad actors in *Taylor* are more clearly traceable to their employer, CoreCivic, than the actions of the inmates in this case, even when Plaintiffs also name CoreCivic employees as culpable in some form. Having reviewed the facts of both cases, the Court does not find the holding in *Taylor* to be dispositive of the motion in this case such that an identical conclusion is warranted.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Transfer Venue (Doc. No. 19) is **GRANTED**, and this case is **TRANSFERRED** to the Western District of Tennessee.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE